## Edward PARTON, Plaintiff-Appellant,

v.

## Carolyn ATKINS, Chairman Missouri State Board of Probation and Parole, Don Smith, Director of Inmate Classification, and Donald W. Wyrick, Warden, Missouri State Penitentiary, Defendants-Respondents.

### No. WD 33698.

Missouri Court of Appeals,
Western District.

Aug. 24, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Oct. 5, 1982.

Edward Parton, appellant pro se.

John Ashcroft, Atty. Gen., Jefferson City, Kristie Green, Asst. Atty. Gen., for defendants-respondents.

Before SHANGLER, P.J., and PRITCHARD and DIXON, JJ.

DIXON, Judge.

Plaintiff, a prisoner in the Missouri State Penitentiary, filed a *pro se* petition seeking a declaration that the defendants[1] had denied him equal protection and due process of the law in refusing plaintiff parole and "classification." The trial court granted the defendants' motion for summary judgment. Plaintiff, still *pro se*, has appealed, asserting that there were material issues of fact precluding summary judgment.

The record on appeal, consisting solely of the legal file, shows that plaintiff has served ten calendar years of a fifty year sentence imposed for statutory rape, has maintained a "reasonable" custodial record, and has requested and been denied "classification" and parole. In support of his claim of denial of equal protection, plaintiff's petition lists the names and offenses of sixteen prisoners who were granted "minimum classification" and transferred from the Missouri State Penitentiary, and the names and offenses of nine others who were granted parole. Plaintiff's claim turns on his assertion of a denial to him of the privileges of minimum classification or parole when such privileges were granted to other prisoners with arguably more serious records.

The defendants Board of Probation and Parole, Director of Inmate Classification, and Warden filed a motion to dismiss, which was overruled. Answer was then filed admitting the plaintiff's prisoner status, sentence, service of ten years, and denial of classification and parole. Defendants denied that plaintiff had been denied equal protection or due process and further denied that plaintiff's petition stated a claim upon which relief could be granted. Defendants then filed a motion for summary judgment accompanied by the affidavit of Dick Moore, Chairman of the Missouri State Board of Probation and Parole. The affidavit asserted that parole had been denied plaintiff because release would "depreciate" the seriousness of the offense in that the retributive and deterrent portions of the

---

1. No issue is raised as to the propriety of an action against the Board of Probation & Parole brought against the Chairman of the Board only.

sentence had not been satisfied. The affiant further justified the Board's denial of parole on its determination that there was no reasonable probability Mr. Parton could be released and not violate the law, based on the short intervals between past offenses and plaintiff's habitual use of alcohol. Plaintiff's counter affidavit admitted that parole was denied for the reasons stated in Mr. Moore's affidavit, but asserted that the record would not support such denial.

■ Section 549.261 RSMo 1978 does confer a protected liberty interest on inmates incarcerated in Missouri penal institutions. *Williams v. Missouri Bd. of Probation and Parole,* 661 F.2d 697 (8th Cir.1981). Parole release determinations must therefore pass muster under the federal due process clause. Plaintiff also must be accorded equal protection under the law. *Jackson v. Bishop,* 404 F.2d 571 (8th Cir.1968). Under the undisputed facts, neither constitutional provision affords plaintiff relief.

Parole release determinations are to be made by the Board within its discretion. The statute requires only that parole be "for the best interest of society," and not as "an award of clemency;" nor can parole "be considered a reduction of sentence or a pardon." Section 549.261.3 RSMo 1978. Further, the Board is to grant parole only when it "believes" that a prisoner is "able and willing to fulfill the obligations of a law-abiding citizen." *Id.* The Board has been granted authority to adopt rules regulating parole eligibility, which it has done. *See* 13 CSR 80–2.010–.030. The Board, as evidenced by Mr. Moore's affidavit in support of defendants' motion for summary judgment, made a determination that plaintiff should be denied parole and gave valid reasons for that denial.

■ In *Fields v. U.S.,* 542 F.2d 472 (8th Cir.1976), also involving a *pro se* appeal of a parole board's denial of parole, the court noted that where the prisoner did not deny the facts supporting the board's denial of parole (alcoholism and lack of high school equivalency certificate), it could not be said that the prisoner had been denied "meaningful parole consideration." *Fields v. U.S.,*

542 F.2d at 474. Plaintiff's protectible entitlement to parole under § 549.261 RSMo arises only *after* the statutory and regulatory guidelines have been satisfied. *Williams v. Missouri Bd. of Probation and Parole,* 661 F.2d at 699. There is nothing to indicate otherwise, and plaintiff admits in his affidavit that the Board denied plaintiff parole because of his record of alcoholism, the short intervals of time between his offenses, and the Board's determination that there was a "reasonable probability" plaintiff would violate the law if released on parole. The undisputed facts disclose plaintiff was given meaningful parole consideration within the statutory guidelines. Plaintiff was accorded due process of law.

■ Plaintiff claims that the undisputed fact that other prisoners have been granted parole or minimum classification while he has not gives rise to a justiciable claim of denial of equal protection. Those facts do not support such a claim. In *La Batt v. Twomey,* 513 F.2d 641 (7th Cir.1975), a summary judgment against a prisoner was sustained where the prisoner urged, *pro se,* that the warden's retention of the complaining prisoner and others on a "restricted status," while releasing others from such status in order to maintain critical services within the prison, violated the complaining prisoner's right to equal protection of the law. The court noted that the "equal protection clause does not take from the state the power to make classifications for a reasonable purpose which do not create invidious discrimination or invade some fundamental interest." *Id.* at 649. The summary judgment was upheld even though the prisoner, in his counter affidavit, purported to list certain inmates who had been released from restricted status even though their job assignments did not involve critical services.

Similarly, the court in *Bennett v. California,* 406 F.2d 36 (9th Cir.), *cert. denied,* 394 U.S. 966, 89 S.Ct. 1320, 22 L.Ed.2d 568 (1969), affirmed the trial court's dismissal of an inmate's petition alleging violation of his due process and equal protection rights. The prisoner in that case, again acting *pro se,* listed the names of ten prisoners, the

prisoner's offense, sentence, and time served, and alleged that each of the ten had been released after serving less than half his term. The court rejected the inmate's claim that such facts showed he had been discriminated against and denied equal protection. The court noted that the Constitution does not prohibit states from making individualized judgments as to the propriety of parole. *Bennett v. California*, 406 F.2d at 38–39.

Construing plaintiff's petition liberally as either a petition for declaratory judgment or a suit in vindication of his civil rights under 42 U.S.C. § 1983, the undisputed facts on the record do not support plaintiff's claim that he has been denied equal protection or due process of law. The judgment of the trial court is affirmed.

All concur.