Michael WATLEY, Appellant,

v.

## MISSOURI BOARD OF PROBATION AND PAROLE, Respondent.

No. WD 45913.

Missouri Court of Appeals,
Western District.

Dec. 1, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Feb. 3, 1993.

Michael Watley, pro se.

William L. Webster, Atty. Gen., Barbara J. Wood, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P.J., and BRECKENRIDGE and HANNA, JJ.

HANNA, Judge.

Appellant, Michael Watley, appeals the circuit court's order dismissing his petition for declaratory judgment and injunctive relief. On May 16, 1980, Michael Watley was sentenced to twelve years for rape and ten years

for kidnapping with sentences to run consecutively. Appellant was given a parole hearing in July of 1991 and was denied parole on August 27, 1991. At that time, he was given a conditional release date of July 28, 1995. The Missouri Board of Probation and Parole (Board) stated that "due to the serious nature of the present offenses which involve [appellant] being found guilty of abducting and raping a female victim, the [respondent] feels that your release at this time would depreciate the seriousness of the offense committed and/or promote disrespect for the laws." Appellant claims respondent used this same reason to deny his parole at three separate parole hearings.

On November 21, 1991, appellant filed a *pro se* Petition for Declaratory Judgment and Injunctive Relief in the Circuit Court of Cole County, Missouri seeking declaration that the Board violated his right to due process and equal protection of the law when they denied his parole for the third time based on the same reasoning. Appellant further alleges the Board's repeated denial of his parole has resulted in his incarceration above the guidelines as promulgated by the Board for mandatory minimum service of his twelve year and ten year sentences. The trial court dismissed appellant's petition on its own motion for failure to state grounds upon which relief can be granted. This appeal followed. We affirm.

■■■■ When reviewing a dismissal for failure to state a claim, this court must determine whether the facts pleaded and reasonable inferences to be drawn from the allegations, as viewed in the light most favorable to the plaintiff, demonstrate any basis for relief. *Brown v. St. Louis County,* 792 S.W.2d 398, 401 (Mo.App.1990). In comparison to attorney prepared pleadings, a *pro se* petition is held to a less rigorous standard and "is subject to summary dismissal if it is patently and irreparably frivolous or malicious on its face so that, as pleaded, the plaintiff could prove no set of facts entitling him to relief." *Howard v. Pettus,* 745 S.W.2d 821, 822 (Mo.

App.1988). However, in determining whether a *pro se* petition states a cause of action, the petition must be viewed favorably to the pleader given the benefit of every reasonable intendment, and indulged with liberality. *Id.; Tyler v. Harper,* 670 S.W.2d 14, 16 (Mo.App.1984), *cert. denied,* 469 U.S. 983, 105 S.Ct. 390, 83 L.Ed.2d 324 (1984). Therefore, the appellate court should accept as true all facts averred in the petition, construe all averments liberally and favorable to appellant and determine whether they invoke principles of substantive law upon which relief can be granted. *Rosatone v. GTE Sprint Communications,* 761 S.W.2d 670, 671 (Mo. App.1988).

Review of appellant's petition in such a light reveals that appellant's allegations fail to demonstrate any basis for relief. Not only did the Board afford appellant due process and equal protection in the form of parole hearings, but also provided sufficient reasons and explanations for the denial of his parole.

■■■ Appellant claims that he was denied his right to due process and equal protection because the Board failed to comply with the appropriate guidelines in effect at the time of his conviction. Appellant argues that § 549.-261 [1] creates a liberty interest in parole, and therefore, any violation of parole guidelines also violates his right to due process. We concede, without holding, for the purpose of appellant's argument that § 549.261 controls his parole release. Section 549.261 provides in pertinent part:

> When in its opinion there is reasonable probability that the prisoner can be released without detriment to the community or to himself, the board *shall* release or parole any person confined in any correctional institution administered by state authorities. All paroles shall issue upon order of the board, duly appointed.
>
> [Emphasis added].

Courts interpret this language as conferring "a protected liberty interest on inmates in-

1. The Missouri Legislature repealed § 549.261 in 1982 and enacted a new parole statute, § 217.-690. *See Tomich v. Missouri Board of Probation and Parole,* 585 F.Supp. 939, 940 (W.D.Mo. 1984). The new parole statute changed the mandatory language of § 549.261 into discretionary language in § 217.698, thereby removing any claim of a liberty interest arising from the parole statute. *Id.*

carcerated in Missouri penal institutions." *Parton v. Atkins*, 641 S.W.2d 129, 131 (Mo. App.1982); *Maggard v. Wyrick*, 800 F.2d 195, 197 (8th Cir.1986), *cert. denied*, 479 U.S. 1068, 107 S.Ct. 958, 93 L.Ed.2d 1006 (1987); *Gale v. Moore*, 763 F.2d 341, 343 (8th Cir. 1985); *Williams v. Missouri Board of Probation and Parole*, 661 F.2d 697, 698 (8th Cir. 1981), *cert. denied*, 455 U.S. 993, 102 S.Ct. 1621, 71 L.Ed.2d 855 (1982). Therefore, parole determinations must satisfy the federal due process clause and the inmate must be afforded equal protection under the law. *Parton*, 641 S.W.2d at 131.

■ However, an inmate's protected interest in parole under § 549.261 "arises only *after* the statutory and regulatory guidelines have been satisfied." *Parton*, 641 S.W.2d at 131; *Williams*, 661 F.2d at 699. Therefore, we first consider appellant's argument concerning whether the Board followed the appropriate guidelines in declining his parole. The guidelines which appellant cites for support are 13 CSR 80–2.010(5)[2] and MBPP–259.[3]

■ Title 13 Code of State Regulations 80–2.010(5)(A)(5) provides in pertinent part:

> [T]he board considers the deterrent and retributive portion of the sentence to have been served when approximately twenty-five percent (25%) of the maximum sentence has been served ...

13 CSR 80–2.010(5) expressly states that this is merely one factor that can be weighted in the decision-making process. The twenty-five percent rule is meant to delineate the mandatory minimum rather than the maximum service required for appellant to serve on his sentence. Support for such an interpretation is found in MBPP–256 (1982), an authority cited by the appellant. This guideline booklet explains the rationale behind the twenty-five percent rule as follows:

> For the purpose of retribution and general deterrence the inmate, in the Board's discretion, may not be eligible

for parole *until* twenty-five percent of the maximum sentence has been served. Inmates with consecutive sentences *may be* eligible for parole upon completion of twenty-five per cent of the total sentence. (emphasis added).

It is clear that the intent behind such a regulation was to establish a minimum amount of time which the Board could consider as satisfying deterrence and retribution and not to establish a threshold at which an inmate may be released on parole. In fact, § 549.261.3 expressly states that "[a] parole shall be ordered only for the best interest of society, not as an award of clemency; *it shall not be considered a reduction of sentence or a pardon.*" (emphasis added).

Further support for this reasoning is found in the current regulation, 14 CSR 80–2.010 (1992). When this regulation speaks of percentages for purposes of deterrence and retribution, it lists them under the heading of "Minimum Parole Eligibility." Each of the subsections clearly explain that an inmate "shall not be eligible for parole until" a certain percentage of the maximum sentence has been served. Without a doubt, we find the twenty-five percent rule cited by appellant to be merely a factor for consideration which delineates a mandatory minimum of service before parole release and as such, it does not establish a violation of appellant's right to due process or equal protection.

■ Appellant also contends the Board failed to comply with MBPP–259; specifically, the Parole Policy Guidelines (Guidelines). The purpose of these Guidelines are stated as follows:

> To establish a uniform parole policy, promote consistent exercise of discretion and equitable decision-making, without removing individual case consideration, the Board has adopted guidelines for parole release consideration.

MBPP–259 (1982); MBPP–259 (1992).

These Guidelines establish a customary range of time to be served before release.

---

2. This regulation has been changed and the text of the new regulation can be found at 14 CSR 80–2.010. Regulations found in 13 CSR 80–2.010 were promulgated under the authority of § 549.261.4.

3. There is a booklet published by the Department of Corrections, Board of Probation and Parole, titled *Rules and Regulations Governing the Granting of Paroles, Conditional Releases and Related Procedures*.

Appellant argues that his "salient factor" score of "excellent" and these Guidelines require his release on parole after serving 48–60 months on the 12–year rape sentence and after serving 40–50 months on the 10–year kidnapping sentence. Nowhere in the statutes, the regulations or the Guidelines is there an absolute *required* release date for these offenses. On the contrary, all of these sources support the Board's discretionary authority to grant or deny parole.

*Maggard v. Wyrick*, 800 F.2d 195 (8th Cir.1986), is instructive on the extent of Board's discretion. In *Maggard*, defendant filed a petition for writ of habeas corpus challenging the Board's refusal to grant him parole contending that § 549.261, creating a liberty interest in parole, should be applied rather than § 217.690, which makes parole release purely discretionary with the Board. *Id.* at 196. The court held that although the application of § 217.690 was retrospective, there was no ex post facto violation because the inmate's parole release would have been denied under the former statute as well. *Id.* at 197. *See also Burnside v. White*, 760 F.2d 217 (8th Cir.1985), *cert. denied*, 474 U.S. 1022, 106 S.Ct. 576, 88 L.Ed.2d 559 (1985).

In *Maggard*, denial of parole under § 549.-261 hinged upon the reasons given by the Board. The Board stated that the reason for denial was the serious nature of the crime. *Id.* at 197. In holding that such reasons are sufficient under § 549.260, the court stated:

> It is well-established that the Board may determine that the serious nature of the inmate's offense requires that a longer term be served before parole release. *See Parker v. Corrothers*, 750 F.2d 653, 662 (8th Cir.1984). This rule is equally compelling under either the old or the new Missouri parole release statutes.

*Maggard*, 800 F.2d at 197.

In the present case, the reasons given to Mr. Watley are strikingly similar. The Board specifically told appellant that "due to the serious nature of the present offenses which involve [appellant] being found guilty of abducting and raping a female victim, the [respondent] feels that your release at this time would depreciate the seriousness of the offense committed and/or promote disrespect for the laws." These reasons are sufficient under § 549.260 for the proper denial of parole.

Finding that the Board followed their own regulations and guidelines and that the Board provided sufficient reasons for the denial of parole under § 549.260, the appellant's rights to due process and equal protection were not violated.

The judgment is affirmed.

All concur.