**Rodney L. McKOWN, Appellant,**

v.

**Cranston MITCHELL, Respondent.**

**No. WD 46832.**

Missouri Court of Appeals,
Western District.

Dec. 14, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 1, 1994.

Rodney McKown, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stewart M. Freilich, Asst. Atty. Gen., Jefferson City, for respondent.

Before ULRICH, P.J., and BERREY and SMART, JJ.

ULRICH, Presiding Judge.

Rodney McKown appeals the summary judgment entered against him and in favor of Cranston Mitchell, Chairman–Missouri Board of Probation and Parole and James Purkett, Superintendent of the Farmington Correctional Center, on his Petition for Declaratory Judgment and Injunctive Relief. Mr. McKown's petition claimed that the parole statutes in effect at the time of his offense, guilty plea and sentencing for first degree murder, vested him with a protected liberty interest in being paroled after "satisfying the deterrent and retributive portion of his life sentence." As part of Mr. McKown's Suggestions in Opposition to the Motion for Summary Judgment, he included a motion to restyle his petition as a petition for habeas corpus. The circuit court denied his motion to restyle the petition because it did not state a cause of action in habeas corpus, and the circuit court granted summary judgment against Mr. McKown on his petition for declaratory judgment.

On appeal Mr. McKown alleges three points of error. He declares that (1) his petition asserted a claim properly raised by application for habeas corpus relief; (2) genuine issues of material fact existed as to whether he had liberty interest protected by due process and entitled to parole or whether the Parole Board applied section 217.690, RSMo 1984, in violation of the prohibition against ex post facto laws; and (3) the Parole Board permitting two representatives of the victim's family at the parole hearing violates his rights to due process and equal protection.

The circuit court's orders denying the motion to restyle and granting summary judgment are affirmed.

## I

Mr. McKown claims as his first point on appeal that the circuit court erred in granting summary judgment and denying his motion to restyle the petition to seek habeas corpus. The circuit court stated that the petition failed to allege a cognizable habeas corpus claim because the petition derives from Mr. McKown's asserted right to parole and not discharge. Mr. McKown believes he has a protected liberty interest to be paroled after serving 12 years of his life sentence engendered by the parole statute in effect when he was sentenced.[1]

Rule 91.04(a)(3) requires a petition for a writ of habeas corpus to include facts showing that the restraint is illegal or improper. For reasons discussed in part II of this opinion, Mr. McKown does not have a legal right to be released on parole. Therefore, there is no legal basis to a habeas corpus claim. Point one is denied.

## II

Mr. McKown claims, as his second point on appeal, that the trial court erred in granting respondent's motion for summary judgment because genuine issues of material fact existed regarding whether Mr. McKown had a protected liberty interest and was entitled to parole or whether the Board of Probation and Parole, ("Parole Board") improperly applied section 217.690, RSMo (1984), in violation of the prohibition against ex post facto laws.

Mr. McKown asserts that the parole guidelines in effect when he was sentenced entitle him to parole after serving twenty-five percent of his sentence. Section 549.261, RSMo 1969 (repealed 1982) was the applicable statute when Mr. McKown was sentenced and 13

CSR 80–2 *et seq.*, and MBPP 213A (7–1–79) were the applicable parole guidelines. Mr. McKown relies on *Williams v. Missouri Board of Probation and Parole*, 661 F.2d 697 (8th Cir.1981), *cert. denied* 455 U.S. 993, 102 S.Ct. 1621, 71 L.Ed.2d 855 (1982), for authority that section 549.261 gave prisoners a reasonable expectation of being paroled and, therefore, a protected liberty interest.[2] He argues that the regulations devised under authority of section 549.261 made parole mandatory after serving a certain length of time and did not permit Parole Board discretion. 13 CSR 80–2.010[3] provided in pertinent part:

> The board considers the deterrent and retributive portion of the sentence to have been served when approximately twenty-five percent (25%) of the maximum sentence has been served....

13 CSR 80–2.010(5)(A)(5).

Mr. McKown's argument that section 549.-261(1) eliminated the Parole Board's discretion is not persuasive despite several decisions having cited *Williams* for the proposition that section 549.261 gave prisoners a protected liberty interest.[4] The relevant part of 549.261(1), with emphasis added, states:

> When *in its opinion* there is reasonable *probability* that a prisoner can be released *without detriment to the community* or to himself, the board shall release or parole any person confined in any correctional institution administered by state authorities.

After the *Williams* decision was handed down, the Missouri Legislature quickly repealed section 549.261 and enacted section 217.690, RSMo 1982. Section 217.690 articulates that "the Parole Board has discretion to release or parole an offender except as other-

---

1. Section 549.261, RSMo (1969, *Repealed* 1982).

2. The Supreme Court considered a Montana Statute with similar wording to Missouri's section 549.261 (repealed) in *Board of Pardons v. Allen*, 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). The Supreme Court determined that when the statutory and regulatory prescriptions were satisfied, a protectible liberty interest arose in parole being granted. *Id.* at 380–81, 107 S.Ct. at 2422. The Court held that when the Parole Board has determined that a prisoner should be

paroled, the Montana statutes wording mandates release. *Id.* at 381, 107 S.Ct. at 2422.

3. This regulation has been changed. The new regulation is 14 CSR 80–2.010.

4. *Parton v. Atkins*, 641 S.W.2d 129, 131 (Mo.App. 1982); *Maggard v. Wyrick*, 800 F.2d 195, 198 (8th Cir.1986), cert. denied, 479 U.S. 1068, 107 S.Ct. 958, 93 L.Ed.2d 1006 (1987); *Gale v. Moore*, 763 F.2d 341, 343 (8th Cir.1985).

wise prohibited by law after determining there is reasonable probability that [the] offender . . . can be released without detriment to the community or himself," and no protected liberty interest is created by the statute. *Id.; Fults v. Missouri Board of Probation & Parole,* 857 S.W.2d 388, 393 (Mo.App. 1993); *See Maggard v. Wyrick,* 800 F.2d 195, 198 (8th Cir.1986) (holding that under section 217.690, RSMo 1992, parole release is purely discretionary).

Section 549.261, referring to the Parole Board, enunciated the non-imperative language, "in its opinion," and in subsection three stated, "[a] parole shall be ordered only for the best interest of society. . . ." The *Williams* court, focusing on the word "shall," nevertheless, read this to be mandatory language removing the Parole Board's discretion when it determined to a reasonable certainty that the prisoner would not be detrimental to the community and compelled the prisoner's release. The court, therefore, determined that the lack of Parole Board discretion vested a prisoner with a protected liberty interest in being paroled. *Williams, supra* at 698. The *Williams* court held that if the guidelines were met then the Board did not have discretion to go beyond the guidelines and deny or postpone parole. *Id.* at 699; *Maggard, supra* at 198.[5]

The *Williams* court determined that the language in the now repealed Missouri statute was similar to the language of the Nebraska statute considered in *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex,* 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). *Williams,* at 698; *Maggard, supra* at 198. *Greenholtz* explains that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz, supra* at 7, 99 S.Ct. at 2104. The Supreme Court stated that "the conviction, with all its procedural safeguards, has extinguished that liberty right." *Id. Greenholtz* taught that states may establish a parole system but are under no duty to do so. *Id.* The Court found that the Nebraska

statute was couched in imperative language such that the statute itself may have created a protected liberty interest but that Nebraska's procedures were adequate and additional procedures imposed by the Eighth Circuit were not required. *Id.* at 12, 16, 99 S.Ct. at 2106, 2108. The Supreme Court reversed and remanded *Greenholtz. Id.* at 16, 99 S.Ct. at 2108. The *Greenholtz* Court "emphasize[d] that [the Nebraska] statute has unique structure and language and thus whether any other state statute provides a protectible entitlement must be decided on a case-by-case basis." *Id.* at 12, 99 S.Ct. at 2106.

The *Williams* court found no Missouri court's interpretation of the now repealed section 549.261. The Supreme Court had already vacated the Eighth Circuit's previous finding of a liberty interest, *Williams v. Missouri Board of Probation and Parole,* 585 F.2d 922, 924–25 (8th Cir.1978) *vacated,* 442 U.S. 926, 99 S.Ct. 2853, 61 L.Ed.2d 293 (1979), and after the District Court on remand had again decided that the Missouri statute did not create a protectible expectation of release on parole, still concluded that "a protectible liberty interest [was] rooted in state law." *Williams,* 661 F.2d at 698 (hereinafter *"Williams II ").* *Certiorari* was denied, 455 U.S. 993, 102 S.Ct. 1621, 71 L.Ed.2d 855 (1982), and *Williams II* has been cited as authority in subsequent cases.

■ A substantial basis exists for disagreement with *Williams II* that section 549.261 removed the Parole Board's discretion. The statutory language gave the Parole Board discretion to go beyond the guidelines unless "in its opinion" there was "reasonable probability" that parole would not be a "detriment to the community" or the prisoner, and that parole would be for the "best interest of society." Section 549.261(1), (3). Use of the word "shall" in a statute only creates a "legitimate expectation" when the

---

5. *Maggard* and *Williams* said that discretion was removed "when the statutory and regulatory guidelines are met." *Maggard, supra* at 198; *Williams, supra* at 699. Since the statute gives discretion, the statutory guidelines would be met only when parole is granted. At that point the prisoner "shall" be paroled and a protected liberty interest then vests.

rest of the statute is consistent and the conditions listed are met.[6]

However, assuming, *arguendo*, that the statute did take away the Parole Board's discretion and bound it to the regulations and guidelines then in effect, the regulations and guidelines then in effect did not mandate release after a prisoner had served twenty-five percent of his maximum sentence. Regulations adopted under the authority of section 549.261 were to be "not inconsistent" with the statute. Section 549.261(4). If the regulations and guidelines had said that after serving twenty-five percent of the sentence that the prisoner must be paroled unless there were other factors like prison conduct violations, then the guidelines and regulations would have been inconsistent with the statute's discretionary language of "in its opinion" and "best interest of society." However, the regulations did not say that parole was to be granted after twenty-five percent of the sentence had been served. "13 CSR 80–2.010(5) expressly states that this is merely one *factor* that can be weighted in the decision-making process." [7] *Watley v. Missouri Board of Probation and Parole*, 863 S.W.2d 337, 339 (1992) (rehearing and/or transfer denied (Dec. 22, 1992)). "The twenty-five percent rule is meant to delineate the mandatory minimum rather than the maximum service required for appellant to serve on his sentence." *Id.* The Guidelines are

guides. They did not mandate an absolute release date. *Id.* 863 S.W.2d at 340.

The reasons given for denying parole to Mr. McKown by the Parole Board are very similar to those given in *Watley* and in *Maggard*.[8] *See Watley, supra* at 340, *Maggard, supra* at 197. "These reasons are sufficient under § 549.260 for the proper denial of parole." *Watley, supra* at 340.[9]

The trial court did not err in granting respondent's motion for summary judgment. Mr. McKown does not have a protectible liberty interest to parole under section 549.-261 or the regulations and guidelines promulgated thereunder. Because of this holding, Mr. McKown's additional claim that the Parole Board applied the current statute, section 217.690 and the regulations and guidelines enacted thereunder, in violation of the prohibitions of ex post facto laws,[10] is moot. Point II is denied.

### III

■ Mr. McKown, as point three, claims the trial court erred by granting summary judgment against him on his contention that existing regulations precluded the Parole Board from permitting more than one member of the victim's family from being present at the parole hearing. He asserts, again, that he was vested with protectible liberty interests to parole and related procedures. The Parole Board allowed (and maybe invit-

6. The court in *Williams II* appeared to find that the word "shall" created an expectation despite the other words in the statute. Despite this apparent intent, *Williams II*, retained "When statutory and regulatory guidelines are met." *supra* note 5. *See also Board of Pardons v. Allen*, 482 U.S. 369, 377–78, 107 S.Ct. 2415, 2420–21, 96 L.Ed.2d 303 (1987) (use of mandatory language "shall" creates a legitimate expectation that parole will be granted when designated conditions occur).

7. "Although the board considers each case on its individual merits, the following major categories of factors are weighted heavily in the decision-making process." 13 CSR 80–2.010(5).

8. "Because you were convicted of an offense in which you, while acting with another, robbed an individual and beat him severely, which ultimately resulted in his death, the Board believes that your release at this time would depreciate the seriousness of the offense committed and/or pro-

mote disrespect for the law. Therefore the Board in its discretion has determined to go outside the guidelines and schedule you for another personal hearing in January, 1994." L.F. Vol. II, p. 253.

9. *See also, Cooper v. Missouri Board of Probation and Parole*, 866 S.W.2d 135, 138 (Mo. banc 1993) (the seriousness of the offense is a valid reason for denial of parole under either the old or new parole statute).

10. In any event Mr. McKown's ex post facto argument has been refuted in several cases. *See Fults v. Missouri Board of Probation and Parole*, 857 S.W.2d 388, 390–92 (Mo.App.1993) (Parole guidelines are not laws for *ex post facto* purposes.); *Tyler v. Mitchell*, 853 S.W.2d 338, 341 (Mo.App.1993); *Maggard v. Wyrick*, 800 F.2d 195, 197–98 (8th Cir.1986); *Burnside v. White*, 760 F.2d 217, 220–23 (8th Cir.1985) *cert. denied* 474 U.S. 1022, 106 S.Ct. 576, 88 L.Ed.2d 559 (1985).

ed) two representatives of the victim's family to be present at the parole hearing. Mr. McKown claims that this violated his due process and equal protection rights.[11]

Whether the former statutes vested prisoners with a protectible liberty interest is questionable. Assuming *arguendo* that it did, 13 CSR 80–2.010(4)(2) states: "[I]nterested parties who oppose parole may select a representative to appear and offer a statement. The hearing panel shall limit or exclude any irrelevant or repetitious statement." This language explains that interested parties may have a minimum of one representative present if they desire. This language does not limit the number of representatives the Parole Board may, in its discretion, invite or allow in addition to the minimal one representative interested persons may select. However, the Board is directed to limit or exclude any irrelevant or repetitious statement.

The Parole Board did not act improperly by allowing or inviting more than one representative of the victim's family to be present at the parole hearing. The Parole Board enjoys discretion to do so again at Mr. McKown's next parole hearing or at any subsequent hearing. Mr. McKown's point three is denied.

The entry of Summary Judgment is affirmed.

All concur.

---

11. Mr. McKown has also filed an application to this court requesting a temporary restraining order issue to prevent the Parole Board from notifying the victim's family of the next parole hearing and allowing more than one representative of the victim's family to be present at his next parole hearing. The application was denied.