**FIRST ASSEMBLY OF GOD, ALEXANDRIA, VIRGINIA; et al., Appellants,**

v.

**The CITY OF ALEXANDRIA, VIRGINIA and all of its agencies; et al., Appellees.**

No. 83–1625.

United States Court of Appeals, Fourth Circuit.

Argued May 8, 1984.

Decided June 22, 1984.

Certiorari Denied Nov. 13, 1984. See 105 S.Ct. 434.

Richard G. Gay, Washington, D.C. (Joseph E. Dunne, III, May, Dunne & Gay, Washington, D.C., on brief), for appellants.

Abbe David Lowell, Washington, D.C. (Brand, Lowell & Dole, Washington, D.C., Cyril D. Calley, City Atty. of the City of Alexandria, Alexandria, Va., on brief), for appellees.

Before WIDENER, HALL and MURNAGHAN, Circuit Judges.

PER CURIAM:

The First Assembly of God Church, students, and parents of students of the Church's Christian Academy, in Alexandria, Virginia, (collectively, the "Church"), appeal from the order of the district court granting summary judgment to the City of Alexandria and members of the City Council (collectively, the "City"), in this action challenging the constitutionality of the City's zoning regulations. We affirm.

I.

In April, 1982, the Church applied for a special use permit to operate a private day school in the City. The City agreed to approve the special use pursuant to certain conditions. These conditions included restricting school enrollment to pre-school through ninth grade and erecting a fence and shrubbery barrier between the school and the surrounding neighborhood. The Church agreed to these conditions and, upon being granted a permit, opened its school in September, 1982. Upon opening the school, however, the Church failed to erect the fence and shrubbery barrier and admitted high-school students into the school's classes. Upon learning that the Church did not intend to abide by all of the conditions under which it was issued the special use permit, the City Council revoked the Church's permit.

The Church brought this suit in district court, alleging that the requirements imposed by the City violated the First and Fourteenth Amendments to the federal constitution. The City filed a counterclaim for injunctive relief. The district court found that (1) this was a zoning case, (2) "the zoning laws and ordinance of the City ... which govern [the issuance] of special use permits [were] not unconstitutional," and (3) the plaintiffs' constitutional rights had not been violated. Accordingly, the district court granted defendants' motion for summary judgment and enjoined plaintiffs from operating a school at its present location without obtaining a special use permit.

Plaintiffs appeal.

II.

Appellants contend on appeal that the district court erred by finding that the zoning restrictions imposed by the City did not violate the Establishment Clause of the First Amendment and the Due Process Clause of the Fourteenth Amendment. Appellants also contend that the district court violated Fed.R.Civ.P. 65(d)[1] by issuing an

1. Fed.R.Civ.P. 65(d) provides that "Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; ..."

order which granted appellees permanent injunctive relief without making any specific findings of fact. We disagree with each of these contentions.

■ In articulating the purpose of the Establishment Clause of the First Amendment, the Supreme Court has stated:

What the Framers meant to foreclose, and what our decisions under the Establishment Clause have forbidden, are those involvements of religious with secular institutions which (a) serve the essentially religious activities of religious institutions; (b) employ the organs of government for essentially religious purposes; or (c) use essentially religious means to serve governmental ends, where secular means would suffice.

*Abington School District v. Schempp,* 374 U.S. 203, 294–95, 83 S.Ct. 1560, 1609–1610, 10 L.Ed.2d 844 (1963).

In the instant case, the challenged special use permit conditions have a strictly secular purpose: the promotion of public health, safety, and welfare. The City's authority to require that such conditions be met was specifically recognized in *Lemon v. Kurtzman,* 403 U.S. 602, 91 S.Ct. 2105, 29 L.Ed.2d 745, *reh'g denied,* 404 U.S. 876, 92 S.Ct. 24, 30 L.Ed.2d 123 (1971), where the Supreme Court emphasized that "Fire inspections [and] building and *zoning regulations* ... are examples of necessary and permissible contacts." *Id.* at 614, 91 S.Ct. at 2112 (emphasis added). In light of this clear precedent, there is no merit to appellants' First Amendment complaint.[2]

■ Nor do zoning ordinances violate the Fourteenth Amendment's due process clause unless they are found to be "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare." *Village of Euclid v. Ambler Realty Co.,* 272 U.S. 365, 395, 47 S.Ct. 114, 121, 71 L.Ed. 303 (1926).

It is plain from the face of each of the conditions set forth by the City Council that the conditions are substantially related to the preservation of important municipal objectives, such as traffic and road safety, fire prevention, and noise. Accordingly, appellants' complaint under the Fourteenth Amendment must also fail.

### III.

■ Appellants contend that the district court violated Fed.R.Civ.P. 65(d) by issuing an order which granted appellees permanent injunctive relief without making any specific findings of fact. There is no merit to this contention.

The purpose of Fed.R.Civ.P. 65(d) is to protect a party subject to an injunction so that he may know precisely what he must refrain from doing in order to comply with the injunction. *See Gunn v. University Community to End the War,* 399 U.S. 383, 388–90, 90 S.Ct. 2013, 2016–2017, 26 L.Ed.2d 684 (1970). The district court's order complied with this purpose. The paragraph granting the injunction specifies the act enjoined, the parties covered, the place, and the duration of the injunction. Accordingly, appellants' contention must fail.

### IV.

For the foregoing reasons, the order of the district court is affirmed.

AFFIRMED.

---

2. Appellants also argue that the City violated their First Amendment rights by placing a direct burden on their right to disseminate religious beliefs. We find this argument untenable. Burdens on religious freedoms have been categorized as either restricting beliefs or regulating conduct. *See Cantwell v. Connecticut,* 310 U.S. 296, 303–04, 60 S.Ct. 900, 903, 84 L.Ed. 1213 (1940). Here, the City has neither attacked appellants' religious beliefs nor sought to regulate their conduct and, therefore, cannot be said to have burdened appellants' religious freedom.