**VILLAGE LUTHERAN CHURCH,**
**Plaintiff/Appellant,**

v.

**CITY OF LADUE,**
**Defendant/Respondent.**

**No. ED 75080.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 1, 1999.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 6, 1999.

Application for Transfer Denied
Aug. 24, 1999.

Simon Shulamith, Clayton, MO, for appellant.

F. Douglas O'Leary, St. Louis, MO, for respondent.

CRANDALL, J.

Plaintiff, Village Lutheran Church, appeals from the trial court's grant of summary judgment in favor of defendant, City of Ladue (hereinafter City), in its action

for damages against City for violating its rights to the free exercise of religion in requiring it to apply for a special use permit and in denying that application. We affirm.

The record reveals that Village Lutheran Church (hereinafter Church) filed an application with City for a special use permit to expand the Church's facilities. The Church proposed an addition of a multi-purpose building to be attached to the existing Church structures. The expansion would serve the needs of a congregation which, during recent years, had experienced a growth in the number of young members as well as a corresponding increased interest in youth activities. The expansion would include a basketball court and classrooms. The Church's goal was to accommodate the growth in Sunday school, preschool summer Bible program, adult bible study, and various youth group activities, as well as to maintain a unified structure so Church members would not have to exit one building to enter another. City's Zoning and Planning Commission (hereinafter Commission) considered the application and recommended approval of the special use permit if the Church moved the construction to provide for a 50-foot side yard setback instead of the proposed 25-foot side yard setback. If the Church refused to comply with this request, however, the Commission recommended the denial of the application. At a hearing before the City Council, neighbors adjacent to the Church property voiced their objections to the proposed expansion, particularly the location of the gymnasium. They argued that the gymnasium should be closer to Clayton Road, because, among other things, such a large building would have a negative impact on the view from their houses. City denied the Church's application for a special use permit.

The Church brought an action against City for judicial review (Count I), writ of certiorari (Count II), declaratory judgment (Count III), and damages (Count IV). The trial court deferred the last two counts and considered the first two. The trial court reversed City's decision and ordered City to grant the Church's application for a special use permit. On appeal, this court found that section 89.020, RSMo (1994) did not give municipalities zoning power over churches, except for purely safety regulations. *Village Lutheran Church v. City of Ladue*, 935 S.W.2d 720, 722 (Mo.App. E.D.1996) (hereinafter *Village Lutheran I*). This court therefore affirmed the judgment of the trial court reversing City's denial of the Church's application, but modified the judgment to reflect that City need not issue a special use permit because the Church had to neither apply nor receive a special use permit before proceeding with any new construction. *Id.* at 722–723.

 The Church then proceeded in the trial court with Count IV[1] of its petition, which sought damages for City's violation of the Church's free exercise of religion in violation of the Religious Freedom Restoration Act, 42 U.S.C. Sections 2000bb, et seq. and the First and Fourteenth Amendments to the Constitution of the United States. City filed a general denial and raised the affirmative defense of immunity.

---

1. The trial court made no express determination regarding Count III in which the Church sought a declaration that City's zoning ordinance requiring the Church to obtain a special use permit was invalid and that the Church could proceed with the proposed expansion without the permit. Here, however, Count III was resolved in the Church's favor when this court affirmed as modified the judgment of the trial court in *Village Lutheran I*, 935 S.W.2d at 720, and determined that the Church need not obtain a special use permit before it could build. Given the facts of this case, by failing to address Count III and pro-

ceeding with Count IV, the trial court acknowledged the holding in *Village Lutheran I* and implicitly found in favor of the Church on that count. If a judgment, by implication, necessarily carries with it a finding upon other counts, the judgment will be sustained as final even though the count is not specifically mentioned. *See Martin v. Lorren*, 890 S.W.2d 352, 359 (Mo.App. S.D.1994) (although no mention of counterclaim made, judgment, by implication, sufficient to deny counterclaim). The judgment was sufficient to rule on Count III and Count IV is therefore appealable.

City moved for summary judgment, submitting affidavits and exhibits, including the transcript of the proceeding before the City Council. The trial court granted summary judgment in favor of City. The Church now appeals from that judgment.

■ In its first point, the Church contends the trial court erred as a matter of law in granting summary judgment in favor of City because City's requirement that the Church apply for a special use permit and its subsequent denial of the application violated the Church's constitutional right to the free exercise of religion. The Church relies on the decision in *Congregation Temple Israel v. City of Creve Coeur*, 320 S.W.2d 451 (Mo.1959) to support its position. In that case, the Supreme Court of Missouri held the state statute enabling municipalities to enact regulatory zoning ordinances did not grant to municipalities the authority to restrict the location of churches or the "use of property for religious purposes by religious organizations whose rights to free exercise of religion are protected by ... constitutional guaranties." *Id.* at 454. In *Village Lutheran I*, 935 S.W.2d at 722–723, this court relied on *Temple Israel* for the proposition that City did not have regulatory power over the Church under its police powers, except for matters of safety, public health, and welfare of its residents.

We first address whether City's requirement that the Church apply for a special use permit for the planned expansion infringed on the Church's free exercise of religion. In *Village Lutheran I*, 935 S.W.2d at 722–723, this court found that because the City Council's decision was based on zoning ordinances and not on the enumerated safety regulations of section 89.020, it was unnecessary either for the Church to apply for a special use permit or for City to issue one.

■ *Village Lutheran I*, however, does not stand for the proposition that municipalities may never regulate the use of property by churches or that churches need never seek approval from municipalities to engage in certain conduct. Rather, *Village Lutheran I*, 935 S.W.2d at 722, recognizes that municipalities may use their regulatory powers over churches solely for the purposes of promoting health, safety, morals, or the general welfare of the community. *See also* section 89.020. Numerous decisions have acknowledged that municipalities, in the exercise of their police powers, may regulate churches. *See, e.g., Messiah Baptist Church v. County of Jefferson, State of Colo.*, 859 F.2d 820, 828 (10th Cir.1988) (zoning ordinance precluding the construction of church building in agricultural zone did not impinge on free exercise of religion where the reasons for denying building permit included access problems, erosion hazards, and inadequate fire protection); *First Assembly of God, Alexandria, Va. v. City of Alexandria, Va.*, 739 F.2d 942, 944 (4th Cir.1984) (special use permit conditions imposed on church to operate private school did not violate free exercise of religion where conditions related to the preservation of important municipal objectives, such as traffic and road safety, fire prevention, and noise); *Grosz v. City of Miami Beach, Fla.*, 721 F.2d 729, 738 (11th Cir. 1983) (application of zoning ordinance so as to prohibit using private residence for organized religious services not violative of free exercise of religion where aim was to preserve residential quality and protect inhabitants from problems of traffic, noise, and litter); *but see Western Presbyterian Church v. Board of Zoning Adjustment of the District of Columbia*, 862 F.Supp. 538, 547 (D.C.Cir.1994) (enforcement of zoning regulations to prohibit church from feeding homeless persons on its premises substantially burdened free exercise of religion because ministering to the needy considered a religious activity). It is clear from these cases that the fact that a municipality exercises some control over the conduct of churches is not, *per se*, violative of a church's right to the free exercise of religion; but rather a determination of whether such regulation is tantamount to an infringement of the free exercise of religion depends on the facts and circumstances of each case. Thus, City's mere

requirement that the Church apply for a special use permit did not infringe on the free exercise of religion.

Furthermore, under the facts of this case, the Church voluntarily applied for a special use permit, instead of pursuing an outright challenge to the constitutionality of the zoning ordinance either as written or as applied to it. Having chosen and initiated the permit procedure on its own, the Church cannot now claim a violation of its constitutional rights for pursuing that very procedure.

■ We next consider whether City's denial of a special use permit was an impingement of the Church's free exercise of religion. Here, although City denied the Church's application to build in the location the Church proposed, it indicated its willingness to grant the special use permit if the Church moved the expansion to a different location on the property. In *Village Lutheran I*, 935 S.W.2d at 722, this court held that it was not necessary either that the Church apply for or that City issue a special use permit before the Church could proceed with the construction. Thus, City did not violate the Church's right to the free exercise of religion by refusing to issue a permit which the Church did not even need.

Because City did not violate the Church's right to the free exercise of religion, City was entitled to summary judgment on Church's claim for damages as a matter of law. The trial court did not err in granting summary judgment in favor of City.[2]

The judgment is affirmed.

JAMES A. PUDLOWSKI, P.J., and CLIFFORD H. AHRENS, J., concur.

---

**2.** City also claims that the official immunity doctrine protected the "individual defendants" from liability. The individual defendants to which City referred were members of the City Council. The church's appeal, however, only related to City and members of the City Council were not parties to this appeal. We therefore decline to address City's claim regarding official immunity.