**V.J.M. ASSOCIATES, INC., Appellant,**

v.

**Glenn G. GILMORE and Robert Jepsen, Respondent.**

**No. ED 77276.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 24, 2001.

Richard R. Lozano, St. Louis, MO, for Appellant.

James M. Martin, David Crane, St. Louis, MO, for Respondent.

OPINION

DRAPER, Judge.

This appeal arises from the underlying suit wherein V.J.M. Associates, Inc. (hereinafter, "VJM") sought replevin of a 1969 Chevrolet Corvette (hereinafter, "the car") from Robert Jepsen (hereinafter, "Jepsen"). We reverse.

A California court, in 1989, issued a judgment in favor of the Bank of San Pedro (hereinafter, "Bank") against Glenn Gilmore (hereinafter, "Gilmore") for replevin of the car, but that judgment was never filed with the California Department of Motor Vehicles so as to provide notice to any prospective purchaser. Gilmore sold the car shortly after the California court's judgment. The ownership of the car transferred three times before Jepsen purchased the car in Oklahoma from a used Corvette dealer in 1991. Jepsen titled the car in Missouri in early 1992. Upon Bank's failure, the Federal Deposit

Insurance Corporation sold, and VJM purchased, the right to enforce Bank's judgment in December 1994. VJM brought this replevin action on September 2, 1997, against Jepsen seeking to enforce the California judgment.

Jepsen filed and the trial court granted summary judgment in his favor on May 7, 1997. Prior to the trial court's summary judgment ruling, Jepsen counterclaimed alleging VJM knew at the time it filed its replevin action it had no right to possession of the car thereby slandering Jepsen's title. There was a bench trial on the counterclaim wherein the trial court granted judgment in favor of Jepsen in the amount of $24,000 and costs. VJM appeals the trial court's judgment.

Upon review of the trial court's judgment, this Court will sustain the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

VJM raises five allegations of error by the trial court. In its first point, VJM claims that the trial court erred in entering judgment for Jepsen because there existed no evidence or insufficient evidence to support the necessary elements of slander to title. We agree.

In order to support a slander to title action, there must be false words that are maliciously published and the plaintiff must suffer a pecuniary loss or injury therefrom. *Tongay v. Franklin County Mercantile Bank*, 735 S.W.2d 766, 770 (Mo.App. E.D.1987); *Beasley v. Mironuck*, 877 S.W.2d 653, 657 (Mo.App. E.D.1994). VJM avers that Jepsen failed to meet all three elements of the claim. We address the issue of damages first as it is dispositive.

Assuming, *arguendo*, that the evidence was sufficient to support a finding that VJM maliciously published false statements about the car, there was insufficient evidence to determine damages. "Gener-

ally, damages need not be established with absolute certainty, but reasonable certainty is required as to both existence and amount, and the evidence must not leave the matter to speculation." *Affiliated Acceptance Corp. v. Boggs*, 917 S.W.2d 652, 657 (Mo.App. W.D.1996) (*citing First Bank Centre v. Thompson*, 906 S.W.2d 849, 855 (Mo.App. S.D.1995)).

Jepsen believes that since the instigation of the lawsuit against him, the legal proceedings brought him opprobrium in the car collector community and diminished the value of the car. However, Jepsen has not alleged that he is interested in selling the car, that he has tried to sell the car, or that if he did try to sell the car, that any buyer has become disinterested in purchasing the car. Therefore, any damages awarded by the trial court were speculative in nature, because it is uncertain whether Jepsen sustained any damages.

Hence, Jepsen is not able to meet the three required elements of his slander to title claim. We find the element of damages addressed in point one to be dispositive and need not address VJM's other allegations. The judgment of the trial court is reversed.

GARY M. GAERTNER, Sr., P.J. and CRAHAN, J., concur.

LAWRENCE G. CRAHAN, Judge, concurring in result.

I respectfully concur in result. The filing and disposition of the replevin action did not create a cloud on Jepsen's title; it *removed* the cloud that already existed. Moreover, Jepsen offered no evidence that VJM filed the replevin action for any purpose other than to enforce what it honestly believed was its right to possession of the car. I would reverse the judgment on those grounds.