**CHRISTIAN ACADEMY OF
ABILENE, Appellant,**

v.

**CITY OF ABILENE, Appellee.**

**No. 11–99–00342–CV.**

Court of Appeals of Texas,
Eastland.

Aug. 16, 2001.

Randall L. Rouse, Lynch, Chappell & Alsup, Midland, Sharon Hicks, City Attorney's Office, Abilene, for appellant.

Megan R. Santee, City Attorney's Office, T. Daniel Santee II, Asst. City Atty., Abilene, for appellee.

Panel consists of ARNOT, C.J., and WRIGHT, J., and McCALL, J.

Opinion

W.G. ARNOT, III, Chief Justice.

This is an appeal from an order granting a permanent injunction against the Christian Academy of Abilene.[1] The Academy was enjoined from operating a school at 301 Palm Street in Abilene, Texas. The City of Abilene asserted and the trial court found that the building used by the Academy for school purposes violated city ordinances by failing to meet certain life-safety measures and that the building created a substantial danger of injury or adverse health impact. The Academy appeals. We affirm.

The Academy presents five issues for review. In the first issue, the Academy complains about the failure of the trial court to notify the Academy of the findings of fact and conclusions of law as required by TEX.R.CIV.P. 297. On April 5, 2001, this appeal was abated in order to allow the Academy to file a request for additional findings and conclusions and to allow the trial court to respond to the Academy's request. The Academy's request and the trial court's response have been filed in this court in a supplemental clerk's record. Consequently, the first issue on appeal has previously been resolved and is now overruled.

■ In the second issue, the Academy contends that the trial court erred by failing to apply the standards enumerated in the Texas Religious Freedom Act. TEX. CIV. PRAC. & REM. CODE ANN.

1. TEX. LOCAL GOV'T CODE ANN. § 54.012 et seq. (Vernon 1999) establishes the availability of civil actions and injunctions as a remedy for violations of municipal ordinances regarding health and safety.

§ 110.001 et seq. (Vernon Supp.2001). Although the Academy asserted the Texas Religious Freedom Act as a defense, the Act does not apply in this case because the cause of action accrued prior to the effective date of the Act. See Section 110.002 historical note. The Act became effective on August 30, 1999, and this suit was filed in 1998. Therefore, the second issue is overruled.

■ In the third issue, the Academy contends that the trial court erred by failing to apply the standards enumerated in *Employment Division, Department of Human Resources of Oregon v. Smith,* 494 U.S. 872, 110 S.Ct. 1595, 108 L.Ed.2d 876 (1990). In that case, the Supreme Court dealt with the Free Exercise Clause of the First Amendment and concluded that a compelling governmental interest need not be shown to justify a generally applicable, religion-neutral law that has the effect of burdening a particular religious practice. See also *Church of Lukumi Babalu Aye, Inc. v. City of Hialeah,* 508 U.S. 520, 531, 113 S.Ct. 2217, 124 L.Ed.2d 472 (1993). Thus, the trial court properly applied the standards enumerated in *Employment Division* and did not err in refusing to enter findings regarding a compelling governmental interest and least restrictive means. Moreover, the Texas Supreme Court has held: "[A]s a matter of law, the State has a compelling interest of the highest order in protecting" the health and safety of children. *State v. Corpus Christi People's Baptist Church, Inc.,* 683 S.W.2d 692, 696 (Tex.1984), *cert. dism'd,* 474 U.S. 801, 106 S.Ct. 32, 88 L.Ed.2d 26 (1985)(upholding State licensing requirement imposed on church-operated childcare facility); see also *First Assembly of God, Alexandria, Virginia v. City of Alexandria, Virginia,* 739 F.2d 942 (4th Cir.), *cert. den'd,* 469 U.S. 1019, 105 S.Ct. 434, 83 L.Ed.2d 360 (1984); *Hough*

*v. North Star Baptist Church,* 109 Mich. App. 780, 312 N.W.2d 158 (1981)(imposing fire safety standards on church building that was also used as a private school did not impermissibly burden the free exercise of religion). The third issue is overruled.

■ In the fourth and fifth issues, the Academy argues that there is no evidence or insufficient evidence to support the trial court's findings that a substantial danger of injury or adverse health impact existed and that the building failed to comply with the applicable building code. In order to address the no-evidence argument, we must consider only the evidence and inferences that tend to support the finding, disregarding any evidence or inferences to the contrary. If there is any evidence of probative force to support the finding, the no evidence point must be overruled. *Juliette Fowler Homes, Inc. v. Welch Associates, Inc.,* 793 S.W.2d 660 (Tex.1990); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951); see also *Merrell Dow Pharmaceuticals, Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex.1997), *cert. den'd,* 523 U.S. 1119, 118 S.Ct. 1799, 140 L.Ed.2d 939 (1998). In order to determine if the evidence is factually sufficient, we must review all of the evidence and determine whether the challenged finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Pool v. Ford Motor Company,* 715 S.W.2d 629 (Tex. 1986); *In re King's Estate, supra.*

■ The trial court found that the City had adopted by ordinance the 1994 and 1997 versions of the Uniform Building Code and that the occupancy classification for the building's use as a school is Group E, Division 1, Educational. See ABILENE, TEX., BUILDING CODE Ordinances # 6–1995 & 51–1998 (1995 & 1998). In order to comply with the requirements of that classification, the Academy must

meet certain life-safety measures to ensure the health, safety, and welfare of its students.[2] The trial court found that the Academy was not in compliance.

The trial court's findings are supported by the testimony of Cassie Hughes, the City's building official; by Terry Williams, a registered professional engineer; and by Ed Williams, the City's fire marshal. Hughes testified that the Academy's non-compliance and failure to have a certificate of occupancy came to light in August of 1997 when the Academy applied for a permit to add a stairwell to the basement so that it could be used as a lunchroom. She testified that the building being used by the Academy was a two-story addition to the Abilene Community Church and was built in 1956–57. The Academy began using the building as a school in 1985. The Academy did not obtain a certificate of occupancy from the City when it changed the use of the building and began using it for educational purposes.

Hughes inspected the building to determine if it complied with the Abilene Building Code. Hughes stated that, for purposes of the Code, a private school is treated the same as a public school. The Code does not allow educational occupancy above or below the first floor unless it has "a rated construction," which is a "fire-resistive protection." The building used by the Academy was "non-rated," which means that it had no fire-resistant protection on the walls or structural members. Hughes testified that, in order to be in compliance, the building needs to have an approved manual fire alarm system and either "one-hour construction" or a sprinkler system.

According to Hughes, the building has never complied for use as a school and does not meet the minimal life-safety requirements. Hughes also stated that the Academy's building poses a substantial danger to its students from fire and smoke because of the type of construction, the non-rated corridors, and the age of the building.

Terry Williams testified that there are compliance problems with the Academy's smoke detection system, the narrow corridors, the hollow doors, and the chipboard and wood construction. Ed Williams testified that the Academy's building was not safe and that it did not meet the Code requirements involving type of construction, fire alarm system, and rated corridors. Furthermore, although the Academy's expert witness testified that the building was safe and posed no substantial danger, he admitted that the classroom doors did not comply with the Code. The Academy's expert also testified that, in his opinion, the steps taken by the Academy to make its building safer made it equivalent to one-hour fire-resistive construction. Rob Prulhiere, the headmaster of the Academy, testified that he had attempted to make the changes required by the City but that the Academy was not able to make all of the required changes because of the financial burden involved. Prulhiere stated that the building was safe and that, in fire drills, all students and personnel were able to exit the building in 55 seconds.

We hold that the trial court's findings are supported by sufficient evidence to

---

2. The Academy asserts that, because its building complies with the Code's requirements and is, therefore, safe for purposes of church and Sunday school, the building is also safe for use as a school. However, a building being used for church and Sunday school is classified differently than one being used as a school. In determining that a school must comply with stricter safety requirements, the drafters of the Building Code may have considered the extended amount of time a child spends at school, the use of various appliances to cook lunch, and the increased use of electrical equipment.

withstand both a no-evidence challenge and an insufficient-evidence challenge. There is more than a scintilla of probative evidence that supports the findings, and the findings are not so against the great weight and preponderance of the evidence as to be manifestly unjust. The fourth and fifth issues are overruled.

The judgment of the trial court is affirmed.