**Robert and Patricia CROWE,**
**Appellants/Cross–**
**Respondents,**

v.

**HORIZON HOMES, INC.,**
**Respondent/Cross–**
**Appellant.**

**No. ED 81875.**

Missouri Court of Appeals,
Eastern District,
Division Four.

July 29, 2003.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 15, 2003.

---

3. Daugherty's allegations include that his post-conviction counsel: had a conflict of interest, failed to file a brief in Daugherty's direct appeal, failed to order and review his sentencing transcript for possible errors, failed to provide him with copies of legal documents and transcripts, fraudulently filed an unverified Rule 29.15 motion (which omitted several issues and failed to cite legal authority), failed to file any amended motion, failed to answer interrogatories from the state, failed to advise Daugherty ahead of time as to the nature of the hearing he was attending (resulting in Daugherty's belief that he was attending proceedings related to his divorce), failed to subpoena or even contact certain witnesses, came to the Rule 29.15 evidentiary hearing unprepared, and generally did an inadequate job at that hearing.

**620**

John Borbonus, St. Louis, MO, for respondent/cross-appellant.

GLENN A. NORTON, Judge.

Robert and Patricia Crowe appeal the granting of summary judgment in favor of Horizon Homes in the Crowes' action against Horizon to quiet title. Horizon appeals the granting of the Crowes' motion to dismiss as to Horizon's actions for slander of title, tortious interference and abuse of process. We reverse in part and affirm in part.

## I. BACKGROUND

In 1989, David and Pamela Schuster took title to real property in the Summerlyn subdivision. The Schusters cleared and maintained a portion of land ("the hillside property") that was adjacent to their property but not a part of the subdivision. Over a span of 11 years, the Schusters made several changes to the hillside property: they erected children's play equipment, installed a pond that was partially on the hillside property, planned and maintained landscaping and installed a decorative fence partly on the hillside property. In 2000, the Schusters sold their lot to the Crowes. Two days before the closing, the Crowes learned by way of a survey that the hillside property was not part of the Schusters' lot. The survey showed that the hillside property was part of a tract titled to V.A. and M.E. Rocco. The Schusters conveyed by a quitclaim deed whatever interest they held in the hillside property to the Crowes.

Six weeks later, Horizon, a development company, purchased from M.E. Rocco several tracts of undeveloped property adjacent to the subdivision in which the Crowes lived—one of which included the

Robert Jones, Clayton, MO, Bruce Crowe, St. Louis, MO, for appellant/cross-respondent.

hillside property. Horizon recorded the deed. Six months later, the Crowes noticed Horizon completing grading and clearing on the tract next to the hillside property for a new subdivision. The Crowes sent Horizon a letter describing their claim to the hillside property. After receiving no response from Horizon, the Crowes filed a petition to quiet title to the hillside property.

After filing their quiet title action, the Crowes took their concerns that Horizon's development was approaching the hillside property to the proper authorities in the County. According to Horizon's petition, the Crowes falsely represented their ownership of the hillside property to the county. After being approached by the Crowes, the County issued a stop work order directing Horizon to cease work on the development.

After the stop work order was issued Horizon counterclaimed for slander of title, tortious interference and abuse of process. On the Crowes' motion, the trial court dismissed Horizon's counterclaims. Horizon moved for summary judgment on the Crowes' claim for quiet title, challenging their ability to prove the hostile and exclusive elements of adverse possession. The trial court granted summary judgment.

This appeal and cross-appeal followed.

## II. DISCUSSION

### A. Adverse Possession

Summary judgment is a question of law and, therefore, is reviewed *de novo*. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). "Summary judgment is designed to permit the trial court to enter judgment, without delay, where the moving party has demonstrated, on the basis of facts as to which there is no genuine dispute, a right to judgment as a

matter of law." *Id.* As the defending party in the quiet title action, Horizon can establish its right to summary judgment by showing facts that negate any one of the elements of the Crowes' claim, or by showing that the Crowes have not been able to produce, and cannot produce, evidence sufficient to allow the court to find the existence of any one of the elements. *Id.*

As the non-movant, the Crowes do not need to establish a right to judgment as a matter of law. *Id.* at 382. The Crowes need only to show that there is a genuine dispute as to the facts underlying Horizon's right to judgment. *Id.* If, as the movant, Horizon requires an inference to establish its right to judgment as a matter of law, and the evidence reasonably supports any inference other than or in addition to Horizon's inference, then a genuine dispute exists and Horizon's prima facie showing fails. *Id.*

■ The party claiming title by adverse possession must show that possession was actual, hostile and under a claim of right, open and notorious, exclusive and continuous for ten years. *Dobbs v. Knoll*, 92 S.W.3d 176, 180 (Mo.App. E.D.2002). In its motion for summary judgment, Horizon asserted that the Crowes could not establish the exclusive and hostile elements of their adverse possession claim. The Crowes contend on appeal that there is a genuine dispute as to the facts underlying Horizon's right to judgment.

#### 1. Exclusive

■ Exclusive possession means that the claimant holds the land for himself and not for another. *Dobbs*, 92 S.W.3d at 181. Two or more persons may acquire title to the same property by adverse possession as co-tenants if they had exclusive joint possession for the statutory period. *Teson v. Vasquez*, 561 S.W.2d 119, 127 (Mo.App.

1977). Here, there is a genuine dispute as to whether the Crowes' predecessors— both the Schusters and members of the subdivision [1]—exercised exclusive joint possession of the property.

One of the prior owners, David Schuster, stated that he made improvements "on property I thought was common ground." Schuster believed he was making improvements to common ground that he thought was owned by all the members of the subdivision. While Schuster did not exclude other members of the subdivision from the property, if someone from outside the subdivision had attempted to use the hillside property, Schuster stated that "at that point I probably would have called the subdivision trustees and asked them if there were any bylaws pertaining to something of that nature."

As to the other members of the subdivision, there is a genuine dispute as to the facts regarding whether they exercised exclusive possession as co-tenants. Two of the three trustees of the subdivision stated in separate affidavits that the hillside property was never maintained as subdivision common ground. But David Schuster testified in deposition that there were subdivision kids in the yard all the time. This evidence creates a genuine dispute with the trustees' affidavits, especially because the trustees who executed the affidavits were not trustees from 1989 to 2000.

The record in this case demonstrates that there is a genuine dispute as to the facts underlying Horizon's right to summary judgment. Further, there is sufficient evidence to find the existence of the exclusive element of adverse possession. Therefore, Horizon's prima facie showing fails.

### 2. Hostile

Possession is hostile when it is done with "antagonism to the claims of others with the intent to possess the land as the possessor's own." *Dobbs,* 92 S.W.3d at 181. It is the intent to possess, not the intent to take away from the true owner that governs. *Witt v. Miller,* 845 S.W.2d 665, 668 (Mo.Ap.E.D.1993).

Horizon contends that the facts show that the Schusters never believed that they *owned* the hillside property and therefore it can be inferred that the Schusters had no intent to *possess* the hillside property. The Schusters could have believed that they did not *own* the land and still have met the hostile element by intending to *possess* the land. This is especially true here, where the record shows that the Schusters erected a playground and a pond on the hillside property and that the Schusters' children, as well as several other children from the subdivision, played on the playground. This supports the inference that the Schusters intended to possess the property as common ground.

The record in this case, relating to the hostile element of adverse possession, supports inferences other than the one Horizon must rely on to obtain summary judgment. Therefore, a genuine dispute exists, and Horizon's prima facie showing fails.

Points I through IV are granted.

We reverse the trial court's granting of summary judgment on the Crowes' petition to quiet title and remand the case for a trial on the merits.

Because we find that summary judgment is improper, the Crowes' points dealing with procedural error in granting summary judgment are moot.

---

1. It appears that the subdivision is not a necessary party to this case because they have filed affidavits in which they disclaimed all interest in the hillside property to the Crowes.

## B. Abuse of Process, Slander of Title and Tortious Interference

Horizon cross-appeals the trial court's granting of the Crowes' motion to dismiss Horizon's counterclaims. "A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition. It assumes that all of plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom." *Nazeri v. Missouri Valley College*, 860 S.W.2d 303, 306 (Mo. banc 1993). No attempt is made to weigh the facts alleged to determine if they are credible or persuasive. *Id.* Rather, the petition is reviewed to determine if the facts alleged meet the elements of a recognized cause of action. *Id.*

Horizon alleges in its petition that the Crowes demanded that the County issue an order stopping Horizon's subdivision development. According to Horizon's petition, the Crowes represented to the County that they, not Horizon, owned the hillside property. Horizon's petition contends that, relying on the Crowes' representations, the County issued a stop work order requiring Horizon to cease its development.

### 1. Abuse of Process

 The elements of a claim for abuse of process are: 1) an illegal, improper or perverted use of duly issued legal process that is not warranted or authorized, 2) by a defendant who had an improper purpose in exercising the use of the process, and 3) from which damages resulted. *Misischia v. St. John's Mercy Medical Center*, 30 S.W.3d 848, 862 (Mo. App. E.D.2000). Legal process is defined as "process by which emanates from or rests upon court authority." *Id.* (quoting 1 Am.Jur.2d *Abuse of Process* section 2). Further, process refers to papers issued by a court to bring a party or property

within its jurisdiction. *Misischia*, 30 S.W.3d at 862.

The Crowes' alleged actions—complaining to the County—did not make use of a process that emanated from or rested upon court authority. The facts alleged in Horizon's counterclaim do not meet the elements of a recognized cause of action, and the trial court did not err in dismissing it.

Horizon's points on appeal relating to its counterclaim for abuse of process are denied.

### 2. Slander of Title

 To support a slander of title action, there must be false words that are maliciously published and the plaintiff must suffer a pecuniary loss or injury therefrom. *V.J.M. Associates, Inc. v. Gilmore*, 44 S.W.3d 440, 441 (Mo.App. E.D. 2001). The facts alleged in Horizon's petition meet these elements. Horizon alleges that the Crowes falsely represented to the County that they owned the hillside property, that that representation was done with malice to obtain a stop work order and that Horizon suffered a pecuniary loss due to the stop work order.

In reviewing the record for our determination of the Crowes' points on appeal (*see* section II. A. of this opinion) it appears that there may be insufficient evidence to support the allegation that the Crowes acted with malice. Had the trial court treated the Crowes' motion to dismiss as one for summary judgment, it could have considered matters outside the petition and may have properly dismissed the claim for failure to prove malice. *See* Rule 55.27; *Duvall v. Lawrence*, 86 S.W.3d 74, 82 (Mo. App. E.D.2002). But there is nothing in the record to indicate that the court notified the parties that it intended to review the pleadings as a motion for summary judgment or allowed the parties a "reasonable opportunity to present all material

made pertinent to such a motion." Rule 55.27; *see also Duvall*, 86 S.W.3d at 82.

Therefore, we reverse the judgment dismissing Horizon's counterclaim for slander of title and remand the cause for further proceedings.

### 3. Tortious Interference

To state a claim for tortious interference with business expectancy, a plaintiff must plead and prove: 1) a valid business expectancy; 2) defendant's knowledge of the contract or expectancy; 3) intentional interference by the defendant inducing or causing a breach of the expectancy; 4) absence of justification; and 5) damages. *Misischia*, 30 S.W.3d at 863. The facts alleged in Horizon's petition meet these elements. Horizon alleges that: 1) it had a business relationship and expectancy with the County relating to the development of the subdivision; 2) that the Crowes knew or had reason to know of Horizon's relationship and expectancy with the County; 3) that the Crowes intentionally interfered with that business relationship by demanding that the County issue a stop work order; 4) that the Crowes acted without justification; and 5) that Horizon suffered a pecuniary loss as a result of the stop work order.

In reviewing the record for our determination of the Crowes' points on appeal (*see* section II. A. of this opinion) it appears that there may be insufficient evidence to support the allegation that the Crowes acted with absence of justification. Again, had the trial court treated the Crowes' motion to dismiss as one for summary judgment, it could have considered matters outside the petition and may have properly dismissed the claim for failure to prove the absence of justification. *See* Rule 55.27; *Duvall v. Lawrence*, 86 S.W.3d 74, 82 (Mo. App. E.D.2002). But there is nothing in the record to indicate that the court notified the parties that it intended to review the pleadings as a motion for summary judgment or allowed the parties a "reasonable opportunity to present all material made pertinent to such a motion." Rule 55.27; *see also Duvall*, 86 S.W.3d at 82.

Therefore, we reverse the judgment dismissing Horizon's counterclaim for tortious interference and remand the cause for further proceedings.

## III. CONCLUSION

Summary judgment on the Crowes' action to quiet title is reversed, and the cause is remanded for further proceedings in accordance with this opinion. The judgment granting the Crowes' motion to dismiss is affirmed as to Horizon's claim for abuse of process. The judgment granting the Crowes' motion to dismiss is reversed as to Horizon's claims for slander of title and tortious interference, and those causes are remanded for further proceedings in accordance with this opinion.

WILLIAM H. CRANDALL, P.J., and SHERRI B. SULLIVAN, J., concurring.