**LeeAnna JEFFERSON, Appellant,**

v.

**AMERICAN FINANCIAL GROUP, INC., d/b/a The Mortgage Source, et al., Respondent.**

### No. ED 84471.

Missouri Court of Appeals, Eastern District, Division Two.

May 3, 2005.

·· Scott Donald Mosier, St. Louis, MO, for Appellant. ·

Robert Edward Metzler, St. Louis, MO, for Respondent.

## ROBERT G. DOWD, JR., Judge.

LeeAnna Jefferson (Jefferson) appeals from the judgment on her claim for breach of fiduciary duty by American Financial Group, Inc, d/b/a the Mortgage Source (Mortgage Source). The trial court found in favor of Jefferson and awarded actual damages in the amount of $8,352.00. Jefferson contends the trial court erred in (1) failing to award punitive damages where there was sufficient evidence of legal malice on the part of Mortgage Source, and (2) awarding only broker's fees of $8,352.00 where there was evidence to support an award of loss of equity and the amount of increased payment. The judgment is affirmed in part and remanded in part.

In July of 1998, Jefferson purchased a home and financed the purchase through Old Kent Mortgage with a thirty-year fixed rate mortgage on the principal amount of $112,195.74 at an interest rate of 7.75 percent. Jefferson paid $883.24 per month on the mortgage, which included escrow for taxes and insurance. In 1999, Jefferson sought to refinance after falling behind on her mortgage payments. Jefferson ultimately contacted Mortgage Source to assist her in refinancing her home. Jefferson completed a loan application where all her financial information was disclosed, including the fact that Jefferson was delinquent on her mortgage payments to Old Kent Mortgage because she had given money to her children leaving her financially unable to make her payments. Mortgage Source then sought an appraisal of the property by William A. Thomas (Thomas). Mortgage Source requested an appraisal in the amount of $170,000.00. Jefferson had informed Mortgage Source that at the time she purchased the home, the home was appraised for $120,000.00. Thomas submitted an appraisal valuing the property at $174,000.00.

After the closing date had been delayed several times, a closing date was set for August 24, 1999. At the closing, Jefferson first learned the terms of the refinancing. Jefferson stated she was not informed of the precise terms of the refinancing prior to the closing. Jefferson's monthly mortgage payments increased from $883.24 to $1,304.65, an increase of $421.41 per month. The new monthly payment did not include escrow for taxes and insurance as requested by Jefferson. The loan procured by Mortgage Source was a variable rate loan with an initial interest rate of 10.8 percent on the principal amount of $139,200.00. Upon learning the terms of the new loan that were not previously disclosed to her, Jefferson testified she was "distraught" upon learning those terms at the closing. Jefferson was told that if she could make the first six months' payments, Mortgage Source would refinance her home for a lower interest rate at that time. After six months of struggling to make her mortgage payments, Jefferson contacted Mortgage Source to refinance her home. Mortgage Source subsequently told Jefferson they would be unable to refinance her home as it had promised.

■ Jefferson brought suit against Mortgage Solutions for breach of fiduciary duty and negligence, and against Thomas for fraudulent appraisal and negligent appraisal.[1] The trial court found Mortgage Solutions had breached its fiduciary duty to Jefferson.[2] The trial court awarded

1. Thomas failed to appear at trial and a default judgment was entered against him on Jefferson's fraudulent appraisal count in the amount of $25,000.00 in principal and $75,000.00 in punitive damages.

2. We note the trial court's judgment did not specifically mention Jefferson's negligence

Jefferson actual damages in the amount of $8,352.00, the amount of the broker's commission paid to Mortgage Source. The trial court further found that Mortgage Source's actions did not warrant an award of punitive damages. Jefferson now appeals.[3]

In her first point, Jefferson contends the trial court erred in failing to award her punitive damages. Jefferson maintains there was sufficient evidence to show legal malice on the part of Mortgage Source and thus, she was entitled to punitive damages. We disagree.

The trial court found Mortgage Source breached its fiduciary duty (1) by obtaining an appraisal that was unreasonably inflated, (2) by obtaining a loan in a principal amount, interest rate, and monthly payment that it knew Jefferson could not pay, and (3) by failing to keep Jefferson fully informed and by making representations regarding future refinancing that it knew or should have known would not occur.[4] The trial court found that the representations made by Mortgage Source that it would get Jefferson a better interest rate after six months were false and that Mortgage Source failed to act in good faith and with reasonable skill, care, and diligence for the benefit of Jefferson. Relying on the trial court's finding, Jefferson contends that the trial court erred in failing to award punitive damages where there was evidence to support such an

award as reflected in the trial court's findings.

Punitive damages are an extraordinary remedy and should be applied sparingly. *Norber v. Marcotte*, 134 S.W.3d 651, 662 (Mo.App. E.D.2004). Whether evidence is sufficient to warrant punitive damages is within the discretion of the trial court. *Vermillion v. Pioneer Gun Club*, 918 S.W.2d 827, 833 (Mo.App. W.D. 1996). Punitive damages are recoverable for actual or legal malice. *Id.* Malice is "the doing of a wrongful act intentionally without just cause or excuse." *Id.* (*citing Ruppel v. Ralston Purina Co.*, 423 S.W.2d 752, 757 (Mo.1968)). To justify punitive damages, there must be some element of wantonness or bad motive. *Vermillion*, 918 S.W.2d at 833.

After a review of the record, while we are disturbed by Mortgage Source's conduct, we cannot say there was sufficient evidence that Mortgage Source must have acted with malice. While Mortgage Source told Jefferson at the closing that it would refinance her loan in six months and did not do so when the time came, there was no evidence that at that time of the closing Mortgage Source did not intend to perform the future refinancing or that Mortgage Source had a bad motive. Thus, the trial court did not abuse its discretion in denying punitive damages. Point denied.

---

count in its judgment. However, in finding for Jefferson on Count I of her petition for breach of fiduciary duty, the trial court implicitly ruled on Jefferson's count for negligence. If a judgment, by implication, necessarily carries with it a finding upon other counts, the judgment will be sustained as final even though the count is not specifically mentioned. *Village Lutheran Church v. City of Ladue*, 997 S.W.2d 506, n. 1 (Mo.App. E.D. 1999).

**3.** We note that we are without the benefit of a respondent's brief from Mortgage Source.

**4.** In finding a mortgage broker owes a fiduciary duty to a client, the trial court relied in part on *A.G. Edwards & Sons, Inc. v. Drew*, 978 S.W.2d 386 (Mo.App. E.D.1998). In that case, this court held that an insurance broker owes a fiduciary duty to an insured. *Id.* at 394–95.

In her second point, Jefferson argues the trial court erred in failing to award damages for loss of equity and increased payments. Jefferson claims there was sufficient evidence to support an award of damages for loss of equity and increased payments based on the terms of Jefferson's new loan and those damages were not speculative. We agree.

In reviewing a court-tried case, we will affirm the judgment unless it is not supported by the evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). This court views the evidence in the light most favorable to the trial court's judgment and grants deference to the trial court's opportunity to judge the credibility of the witnesses. *Shervin v. Huntleigh Securities Corp.*, 85 S.W.3d 737, 740 (Mo. App. E.D.2002). The trial court is free to believe or disbelieve all, part or none of the testimony of any witness. *Id.*

At the trial, Jefferson presented evidence that prior to the refinancing with Mortgage Source she had equity in her property of $7,804.26 based on the original appraisal of Jefferson's home at $120,000 and mortgage of $112,195.74 with Old Kent. Jefferson contends she lost all of this equity as a result of the refinancing, which increased her loan amount to $139,200.00 upon an appraisal of the property at $174,000.00, which grossly overappraised the property. Consequently, the refinanced loan was in an amount in excess of the actual market value of the property of $120,000.00 and Jefferson no longer has any equity in her property.

Jefferson also presented evidence that she suffered damage as a result of the increased payment. Jefferson's original payments on the Old Kent Mortgage loan were $883.24 per month. After refinancing with Mortgage Source, Jefferson's payments increased to $1,304.65 per month, an increase of $421.41 per month. Thus, as of the date of the trial in April 2004, Jefferson paid $23,598.96 for the increased payments.

Aside from the broker's commission Mortgage Source was paid, the trial court found that the evidence presented by Jefferson regarding damages was "mostly speculative, non-specific and without support." The trial court further stated that Jefferson failed to take into consideration the $16,000.00 she received at closing.

On appeal, Jefferson argues that the damages she requested were not speculative, but rather she presented specific evidence of her damages. Jefferson further contends that even taking into account the $16,000.00 she received at the closing, she was still entitled to $7,598.96 for the increased payments and $7,804.26 in the loss of equity, damages totaling $15,403.22. We find the damages suffered by Jefferson are specific and supported by the evidence.

In a breach of fiduciary duty action like in an action for negligent misrepresentation where a plaintiff's tort action is based on the defendant's negligent communications, the plaintiff may recover damages necessary to compensate the plaintiff for the pecuniary loss to her of which the misrepresentation is a legal cause. *See Frame v. Boatmen's Bank of Concord Village*, 824 S.W.2d 491, 495–96 (Mo.App. E.D.1992). Generally, damages need not be established with absolute certainty, but reasonable certainty is required as to both the existence and the amount. *V.J.M. Associates, Inc. v. Gilmore*, 44 S.W.3d 440, 441 (Mo.App. E.D.2001)(*citing* Restatement (Second) of Torts Section 552B(1977)). The evidence must not leave the matter of damages to speculation. *Id.*

Here, Jefferson was directly damaged by Mortgage Source's conduct and misrepresentation of its intent to refinance her mortgage in the future and Jefferson pre-

sented specific evidence of the amount of those damages. Jefferson would not have signed the terms of the mortgage knowing she would have difficulty making the increased payment had it not been for Mortgage Source's reassurance that it would refinance Jefferson's mortgage in six months getting her a lower interest rate and lowering her monthly payments. Jefferson continually paid the increased monthly payments up to the date of trial and suffered damages from the increase in her monthly mortgage payment in the amount of $23,598.86.

Furthermore, Jefferson's loss of equity in her property was not speculative and was supported by the evidence. At the time of refinancing, Jefferson had equity of $7,598.96 in her property. Because of the refinancing terms obtained by Mortgage Source, Jefferson no longer has any equity in her home. Jefferson assumed a mortgage of $139,200 on property with an actual market value of only $120,000. We find the trial court erred in finding Jefferson's damages for loss of equity and increased payments were speculative and not supported. Point granted.

The trial court's denial of punitive damages is affirmed. The award of actual damages is remanded with instructions for the trial court to increase the award of actual damages in the amount of $15,403.22, representing $7,802.26 for lost equity and $7,598.96 for the increased payment amount, $23,598.86, the total increased payments paid up to the date trial, minus $16,000.00, the amount Jefferson received at closing.

PATRICIA L. COHEN, P.J., and KATHIANNE KNAUP CRANE, J., concur.